# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  February 11, 2019)

```
* * * * * * * * * * * * *
TAYLOR LEE REYNOLDS,           *      UNPUBLISHED
                               *
                               *      No. 15-1258V
             Petitioner,       *
                               *      Chief Special Master Dorsey
v.                             *
                               *      Attorneys' Fees and Costs
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
             Respondent.       *
* * * * * * * * * * * * *
```

William J. Geddes, Geddes Law Firm, P.C., Reno, NV, for petitioner
Christine M. Becer, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 27, 2015, Taylor Lee Reynolds ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] ("Vaccine Act"). Petitioner alleged that he suffered an exacerbation of pre-existing cardiomyopathy as a result of the Tetanus Diphtheria Acellular Pertussis ("Tdap") vaccine he received on October 29, 2013. Petition at 1. On April 25, 2018, the parties filed a Stipulation, which the undersigned adopted as her Decision awarding damages on April 16, 2018. Decision, ECF No. 65.

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On November 17, 2018, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 70). Petitioner requests attorneys' fees in the amount of $37,830.00 and attorneys' costs in the amount of $2,067.00. Id. at 15. Pursuant to General Order 9, petitioner warrants that she has personally incurred costs in the amount of $2,000.00 in pursuit of this litigation. Id. at 14-15. The total request for fees and cost is $41,897.00. Respondent filed his response on November 20, 2018 indicating that he did not oppose petitioner's motion because he believed the statutory requirement for attorneys' fees had been met in the instant case." Id. at 2. Petitioner did not file a reply.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $40,005.50.

## I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Because compensation was awarded to petitioner, the undersigned finds that he is entitled to an award of reasonable attorneys' fees and costs.

### a.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.    Reasonable Hourly Rates

Petitioner requests compensation for his attorney, Mr. William Geddes, at a rate of $300.00 per hour for all work performed in this case, irrespective of the year. Fees App. at 7. This case appears to be the first (and presently only) case in the Vaccine Program for Mr. Geddes. Thus, no special master has had the opportunity to consider the reasonableness of the rates sought, or whether Mr. Geddes' locale of Reno, NV, would qualify him to receive in-forum rates for his work. However, in light of all the facts and circumstances in this case, including the relatively straightforward progression and eventual settlement, and mindful of respondent's response to the instant application, the undersigned finds upon review of the submitted billing records and based on the undersigned's experience evaluating fee applications in similar Vaccine Act claims that the overall amount sought for attorneys' fees and costs is reasonable (with the exception of those issues mentioned below). Thus, especially in the absence of any particularized objection from respondent, further analysis concerning Mr. Geddes' requested rates is not warranted.[3]

### ii.    Reasonable Hours Expended

Petitioner requests compensation for 135.3 total hours billed by Mr. Geddes. Fees App. Ex. 2 at 19. The undersigned has reviewed the submitted billing entries, and the majority of the hours appear to be reasonable. However, there are a number of issues that, while minor, support an overall reduction of attorneys' fees awarded in this case.

It is well-established that the Vaccine Program does not permit billing at any rate for clerical or administrative work, since such tasks "should be considered as normal overhead office costs included in the attorneys' fees rate." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). In the Vaccine Program, administrative work includes such tasks as making travel arrangements, setting up meetings, reviewing invoices, and filing exhibits. Hoskins v. Sec'y of Health & Human Servs., No. 15-071, 2017 U.S. Claims LEXIS 934, at *6-7 (Fed. Cl. Spec. Mstr. July 12, 2017) ("Almost all of the paralegal's time was spent on scanning, paginating, and filing records—clerical activities for which neither an attorney nor a paralegal should charge."); Floyd v. Sec'y of Health & Human Servs., No. 13-556, 2017 U.S. Claims LEXIS 300, at *13-14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome of the tasks performed by paralegals were

---

[3] The undersigned is not making a finding as to whether Mr. Geddes is entitled to forum rates in future Vaccine Program cases.

clerical/secretarial in nature.  Examples include . . . filing documents through the CM/ECF system.").

Additionally, block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. <u>Broekelschen v. Sec'y of Health & Human Servs.</u>, 07–137V, 2008 WL 5456319 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees and criticizing her for block billing); <u>see also</u> <u>Jeffries v. Sec'y of Health & Human Servs.</u>, 99–670V, 2006 WL 3903710 (Fed Cl. Spec. Mstr. Dec. 15, 2006); <u>Plott v. Sec'y of Health & Human Servs.</u>, 99–670V, 2006 WL 3903710 (Fed. Cl. Spec. Mstr. Dec. 15, 2006).

One example of this occurs on October 25, 2015, when Mr. Geddes billed 7.9 hours for "Continue review and analysis and imaging and bates stamping exhibits, including voluminous medical records, and drafting complaint; telephone conference with Taylor Reynolds regarding [redacted]; draft Affidavit of Taylor Reynolds, in support of his Petitioner for Vaccine Injury Compensation; image and bates-stamp same document; forward to client for review, approval, signature, and notarization." Fees App. Ex. 2 Entries such as these present numerous problems upon review. First, several distinct tasks are combined into one large entry, which limits the undersigned's ability to review whether the amount of time spent on each task was reasonable. Second, a non-compensable administrative/clerical task, in this case bates stamping documents, was included along with other compensable tasks. Entries such as these do not allow the undersigned to determine how much time spent was non-compensable time was spent verses compensable time. Other examples of billing for administrative tasks occur on 12/22/15, 4/26/16, 5/13/16, and 11/15/16, while other examples of block billing occur on 6/6/15, 7/12/15, 11/15/15, and 3/29/16.

For all these reasons, the undersigned shall reduce the amount of attorneys' fees awarded by 5%. This results in a total reduction of **$1,891.50**. Thus, petitioner is awarded attorneys' fees in the amount of **$35,938.50**.

### b.   Attorneys' Costs

Petitioner requests a total of $2,067.00 in attorneys' costs. This amount consists of postage costs, the Court's filing fee, and expert work performed by Dr. William Resh. The majority of this amount ($1,600.00) is for the services of Dr. Resh, who billed 4 hours for records review and drafting a brief report at $400.00 per hour. The undersigned has reviewed all of these costs and finds them to be reasonable. Accordingly, they shall be reimbursed in full.

### c.   Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that he has personally incurred $2000.00 in costs in pursuit of this litigation. This cost is for the expert services of Dr. Adel Shaker for records review and production of an expert report. The undersigned finds this cost to be reasonable, and it shall be reimbursed in full.

### II.   Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $37,830.00 |
| (Total Reduction from Billing Hours) | - $1,891.50 |
| **Total Attorneys' Fees Awarded** | **$35,938.50** |
| | |
| Attorneys' Costs Requested | $2,067.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,067.00** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$38,005.50** |
| | |
| **Total Petitioner's Costs Awarded** | **$2,000.00** |
| | |
| **Total Amount Awarded** | **$40,005.50** |

**Accordingly, the undersigned awards the following:**

1) **$38,005.50 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. William J. Geddes; and**

2) **$2,000.00 in petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.